with whom LAY and BYE, Circuit Judges, join, joining in Judge Lay’s dissent, and writing separately.
I join in Judge Lay’s dissent. I write separately to note that it was suggested that if Talena Terrell had been killed in the above-detailed manner in Nebraska, her estate could recover under the state’s statutory scheme. The implication from this comment is that if states would follow Nebraska’s example, it would not be necessary to rely on constitutional claims to obtain relief for innocent victims of vehicular accidents such as the one in this case. A review of the Nebraska statute, however, reveals that it applies only to cases of vehicular pursuit, which is defined as follows:
For purposes of this section, vehicular pursuit means an active attempt by a law enforcement officer operating a motor vehicle to apprehend one or more occupants of another motor vehicle, when the driver of the fleeing vehicle is or should be aware of such attempt and is resisting apprehension by maintaining or increasing his or her speed, ignoring the officer, or attempting to elude the officer while driving at speeds in excess of those reasonable and proper under the conditions.
Neb.Rev.Stat. § 13-911(5).
Of course,, the accident in this case did not occur during a vehicle chase; both the *987 majority and Judge Lay’s dissent accept that it happened while Deputy Larson was responding to a call. I have found no statute in Nebraska, Minnesota, or any other state in our circuit that would allow for a statutory recovery commensurate with the type to which Terrell’s family is entitled. I thus join in Judge Lay’s dissent, and separately note that our court has restricted plaintiffs’ recoveries in these situations beyond the boundaries of state compensatory statutes. The product of such a holding is to leave the families of innocent victims, who have died in accidents such as the one in this case, without recourse toward those who are responsible.